IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MAI-LING MIDDLETON | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| CAROLYN W. COLVIN | : | NO. 2:15-cv-1419 |
| | : | |

ORDER

AND NOW, this 21st day of January 2016, upon careful and independent consideration of Plaintiff Mai-ling Middleton's Brief and Statement of Issues in Support of Request for Review (Doc. No. 11), Defendant Carolyn W. Colvin's Response to Request for Review (Doc. No. 12), Plaintiff's Reply (Doc. No. 14), the Report and Recommendation ("R. & R.") of United States Magistrate Judge Timothy R. Rice (Doc. No. 15), Plaintiff's objections to the R. & R. (Doc. No. 16), and Defendant's response thereto (Doc. No. 18), it is hereby ORDERED as follows:

1. Plaintiff's objections to the Report and Recommendation are OVERRULED.

    We adopt the R. & R. by Magistrate Judge Rice, and write separately only to address Plaintiff's objections to the R. & R.[1] When reviewing a R. & R. to which a party has objected, a court must make "a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). Plaintiff raises three broad objections to the R. & R. with many sub-points; we shall address each in turn.

    Plaintiff first objects on the basis that the Administrative Law Judge ("ALJ") erred by finding that Plaintiff's mental impairments did not meet or medically equal the criteria of listing 12.04. (Pl.'s Objs. 1, Doc. No. 16.) The heart of this objection, however, is that Magistrate Judge Rice supports the ALJ's decision by engaging in independent fact-finding, which runs counter to the Chenery rule. The Supreme Court in SEC v. Chenery Corp., 318 U.S. 80, 87 (1943), articulated the well-settled principle that "[t]he grounds upon which an administrative order must be judged are those upon which the record discloses that its action was based." In other words, the reviewing court must consider only the rationale articulated in the agency's decision. If that rationale is inadequate or

---

[1] Several of Plaintiff's objections to the R. & R. (Doc. No. 16) repeat her objections to the Administrative Law Judge's ("ALJ's") decision found in her Brief and Statement of Issues in Support of Request for Review (Doc. No. 11) or her Reply (Doc. No. 14). These objections need not be addressed here as they were sufficiently addressed in Magistrate Judge Rice's R. & R, and, after independent review, we agree with the R. & R.

improper to support the decision, the reviewing court should not substitute its own analysis. Rather, the court must reverse and remand for the agency to reconsider the rationale for its decision. See id.

Plaintiff's objection mischaracterizes the R. & R. First, Magistrate Judge Rice's R. & R. appropriately examined the entirety of the record to determine if the record supports the ALJ's decision. See Schaudeck v. Comm'r of Soc. Sec., 181 F.3d 429, 431 (3d Cir. 1999) ("To determine whether a finding is supported by substantial evidence, we must review the record as a whole."). Second, in finding the ALJ's reasoning to be sufficient, Magistrate Judge Rice primarily addressed Plaintiff's objection by citing to the same documents in the record that the ALJ cited. (See R. & R. 17–22.) Magistrate Judge Rice sparingly cited other portions of the record only to provide clarity to the ALJ's rationale. Magistrate Judge Rice did not substitute his rationale for that of the ALJ, nor did he set forth a different rationale than the ALJ. For that reason, we find Plaintiff's objection on Chenery grounds to be misplaced.[2]

Plaintiff's argues in her second objection that the ALJ inadequately explained why he rejected medical opinion evidence from Plaintiff's treating psychiatrist, Dr. Donovan. (Pl.'s Objs. 4.) Plaintiff's argument is based upon a sentence in the R. & R. in which Magistrate Judge Rice referred to Dr. Donovan's opinion as a "checkbox opinion." (R. & R. 23.) Specifically, Plaintiff argues that "[t]he all-too-familiar disparagement of forms completed by treating physicians as "checkbox" forms . . . is unreasonable." (Pl.'s Objs. 4.)

Before directly assessing Plaintiff's argument, it is important to understand the context in which Magistrate Judge Rice referred to Dr. Donovan's opinion as a "checkbox" opinion. Magistrate Judge Rice writes, "The ALJ found Dr. Donovan's opinion inconsistent with the Human Services, Inc. psychotherapist records. A review of the psychiatric records supports the ALJ's findings. Moreover, Dr. Donovan's opinion is a 'checkbox opinion,' which the Third Circuit considers weak evidence." (R. & R. 23 (citations omitted).) Magistrate Judge Rice appropriately found support in the record for the reasons in which the ALJ considered, and discredited, Dr. Donovan's opinion; the opinion constituted weak evidence and was inconsistent with the record. Magistrate Judge Rice did not dismiss Dr. Donovan's opinion solely because it was a "checkbox opinion."

Magistrate Judge Rice's reference to Dr. Donovan's opinion as a "checkbox opinion" was not inappropriate in this setting. The Third Circuit held in Mason v. Shalala that "[f]orm reports in which a physician's obligation is only to check a box or fill in a blank

---

[2] On multiple occasions, Plaintiff indirectly asks this Court to replace the ALJ's judgment with our own judgment by raising objections to the accuracy of the ALJ's opinion or the sufficiency of the evidence cited. (See, e.g., Pl.'s Objs. 2 ("The ALJ's explanation consists of inaccurate characterization of the evidence on which it is purportedly based."); id. at 8 ("The only arguable relevance of surgery to the credibility of a claimant's complaints is that the need for surgery would serve as an indication of the severity of the individual's pathology.").) Substituting the ALJ's judgment with our own would violate Chenery, and we evaluate the complete record to determine whether the ALJ's decision is supported by substantial evidence. See 42 U.S.C. § 405(g). Because we concur with Magistrate Judge Rice's R. & R., which addressed Plaintiff's arguments by finding sufficient support in the record for the ALJ's findings, there is no need to separately address Plaintiff's objections here.

are weak evidence at best." 944 F.2d 1058, 1065 (3d Cir. 1993). This principle holds true for both consultative and treating physicians. See, e.g., McElhenny v. Colvin, No. 15-103, 2015 WL 4066874, *17 (M.D. Pa. July 2, 2015) (citing Mason and upholding ALJ's decision to discredit a treating physician's form report on the basis that "[the treating physician] provided no support for his assessment, the assessment was not supported by the evidence of record, and his determination that Plaintiff was 'fully disabled' is a determination reserved for the Commissioner"); Drejka v. Comm'r of Soc. Sec., 61 F. App'x 778, 782 (3d Cir. 2003) (citing Mason, 994 F.2d at 1065) (rejecting a treating physician's opinion due to other evidence in the record and because the treating physician made the disability determination only in a form report). Magistrate Judge Rice's citation to Mason merely clarified that, not only was Dr. Donovan's opinion inconsistent with the record, but it was also weak evidence. Hence, the ALJ's decision to give little weight to Dr. Donovan's opinion is supported by substantial evidence.

Moreover, Plaintiff also argues in her second objection that the R. & R. "provides no reason to consider 'the opinion of Dr. Waid' as a [sic] additional reason supporting the ALJ's rejection of Dr. Donovan's findings." (Pl's. Objs. 7.) Although confusing, Plaintiff appears to argue that discrediting Dr. Donovan's opinion does not mean the ALJ can credit the opinion of Plaintiff's consultative psychologist, Dr. Waid. However, as cited in the R. & R., the ALJ found Dr. Waid's opinion to be consistent with the record, and discredited Dr. Donovan's inconsistent opinion. (R. & R. 24–25.) This is acceptable based on both Third Circuit law and Social Security regulations. First, the ALJ is obligated to make evaluations of an opinion's consistency with the record, and give more weight to consistent opinions. See 20 C.F.R. § 416.927(c)(4). Second, an ALJ must give a treating physician's opinion controlling weight when it "is not inconsistent with the other substantial evidence in [the plaintiff's] case record." 20 C.F.R. § 404.1527(c)(2). However, "[i]f a treating physician's opinion conflicts with other medical evidence, then the ALJ is free to give that opinion less-than-controlling weight or even reject it, so long as the ALJ clearly explains her reasons and makes a clear record." Watson v. Astrue, No. 08-1858, 2009 WL 678717, at *7 (E.D. Pa. Mar. 13, 2009) (citing Jones v. Sullivan, 954 F.2d 125, 129 (3d Cir. 1991)); see also Crandall v. Astrue, No. 10-1431, 2011 WL 4632281, at *6 (E.D. Pa. Oct. 5, 2011) ("Where the opinion of a treating physician conflicts with that of a non-treating physician, the ALJ may choose whom to credit but cannot reject evidence for no reason or for the wrong reason." (quoting Plummer v. Apfel, 186 F.3d 422, 429 (3d Cir. 1999)) (internal quotation marks omitted)). Magistrate Judge Rice found that the ALJ sufficiently explained why he credited Dr. Waid's opinion and discredited Dr. Donovan's opinion, and we agree. The ALJ did not err.

Plaintiff argues in her final series of objections that the ALJ rejected Plaintiff's testimony and the testimony of other lay witnesses without adequate explanation. (Pl's. Objs. 8.) Regarding her own testimony, Plaintiff argues that, under Sykes v. Apfel, 228 F.3d 259, 266 n.9 (3d Cir. 2000), the ALJ improperly dismissed Plaintiff's testimony because Plaintiff was receiving conservative treatment. In Sykes, the ALJ discredited Sykes' subjective complaints of pain exclusively on the basis that the plaintiff had only received conservative treatment for her pain. Id. The Third Circuit held this basis to be insufficient. Id. However, the ALJ in the present case did not reject Plaintiff's testimony

3

exclusively on the basis that she received only conservative treatment. The R. & R. identifies six reasons why the ALJ rejected Plaintiff's testimony, of which the fact of conservative treatment was only one. (R. & R. 27 (citing R. 50–51).) As highlighted by Defendant, the ALJ did not err by considering the plaintiff's conservative treatment as one of many reasons to discredit her testimony. (Def.'s Resp. to Pl's. Objs. 9 (citing Perdue v. Astrue, 810 F. Supp. 2d 674, 687 (D. Del. 2011) (permitting the ALJ to consider the plaintiff's conservative treatment where it is not the exclusive reason for discrediting the plaintiff's testimony); Garrett v. Comm'r of Soc. Sec., 274 F. App'x 159, 164 (3d Cir. 2008) (discrediting the plaintiff's testimony because, as here, the subjective complaints of pain were inconsistent with the objective findings on the record, the plaintiff received only conservative treatment, and the plaintiff indicated she could perform household chores and activities of daily living)).)

Finally, Plaintiff objects to Magistrate Judge Rice's determination that the ALJ's failure to address the lay witness opinions of Plaintiff's brother, mother, and fiancé was cumulative and harmless. (Pl.'s Objs. 10.) Plaintiff argues, citing Burnett v. Comm'r of Soc. Sec., 220 F.3d 112, 122 (3d Cir. 2000), that the Third Circuit has explicitly rejected the "cumulative" argument. (Pl.'s Objs. 10.) Plaintiff exaggerates the reach of the Third Circuit's decision in Burnett; any error that may have occurred is harmless because the lay opinions merely repeat what the ALJ had already rejected.

In Burnett v. Commissioner of Social Security, 220 F.3d 112, 122 (3d Cir. 2000), the Third Circuit held that "the ALJ must also consider and weigh all of the non-medical evidence before him." Nevertheless, "[i]n many cases, courts have found that an ALJ's failure to address lay opinion testimony, although technically in violation of applicable legal standards, did not require remand since the testimony would not have changed the outcome of the case." Butterfield v. Astrue, No. 06-0603, 2011 WL 1740121, at *6 (E.D. Pa. May 5, 2011) (collecting cases). Since Burnett, the Third Circuit has also held more broadly that remand is not required where an ALJ's error did not affect the outcome of the case. See Rutherford v. Barnhart, 399 F.3d 546, 553 (3d Cir. 2005).

Here, even if the ALJ did not consider the lay witnesses' statements when making his decision, the error is harmless and does not require remand. As explained in the R. & R., the lay witnesses "gave very similar accounts of Middleton's body pain, noting that she has difficulty standing, walking, and holding onto things." (R. & R. 31.) This description merely repeats Plaintiff's own testimony, which the ALJ explicitly rejected. (R. 50–51; R. & R. 27.) Consequently, the R. & R. finds, and we agree, that the ALJ's failure to explicitly assess the lay witness statements constitutes harmless error "[b]ecause the lay witness statements do 'not reveal anything new which would cause the ALJ to discount the contrary medical evidence.'" (R. & R. 31 (quoting Bailey v. Astrue, No. 07-4595, 2009 WL 577455, at *11 (E.D. Pa. Mar. 4, 2009)).)

2. The R. & R. is APPROVED and ADOPTED.

3. The decision of the Commissioner of the Social Security Administration is AFFIRMED.

4. Plaintiff's request for review is DENIED. Judgment shall be entered in this matter in favor of Defendant. The Clerk of Court is directed to close this matter for statistical purposes.

                                            BY THE COURT:

                                            /s/ Legrome D. Davis

                                            Legrome D. Davis, J.